# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-two.

Present:

> Dennis Jacobs,
> Richard C. Wesley,
> Steven J. Menashi,
> > *Circuit Judges*.

Claudia Gayle, Individually, On Behalf of All Others Similarly Situated and as Class Representative, et al.,

> *Plaintiffs-Appellees*,

v.  21-1463

Harry's Nurses Registry, Harry Dorvilier,

> *Defendants-Appellants*.

Appellants move for leave to file a late appellate brief and for leave to file a sur-reply regarding the Appellees' motion to dismiss. Appellees cross-move to dismiss the appeal for lack of jurisdiction or, in the alternative, to strike Appellants' brief for exceeding the permissible page limit or for leave to file their own oversized brief.

Upon due consideration, it is hereby ORDERED that Appellants' motion to file a sur-reply is GRANTED. It is further ORDERED that Appellees' motion to dismiss the appeal is also GRANTED. To the extent the Appellants seek to challenge the 2012 and/or 2013 judgments, this Court lacks jurisdiction; the time to file a notice of appeal challenging those judgments has long ago elapsed. *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (holding that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement).

To the extent the Appellants seek to challenge the district court's May 2021 order denying their motion to reopen the action, this Court has jurisdiction, but the appeal is dismissed as frivolous. *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995). The district court clearly did not err in denying the motion to reopen the action: (a) the court correctly held that the action had not been "administratively closed" but, to the contrary, had been decided on the merits with judgments entered resolving the issues of liability, damages, and attorney's fees; (b) the Appellants' motion to reopen did not provide any other valid reason to reopen the case, including any reason cognizable under Federal Rules of Civil Procedure 59 and 60; (c) to the extent the Appellant asserted in that motion that they wanted the action reopened to allow "the filing . . . of Satisfactions of Judgment and/or other judgments adjudicating all claims and liabilities," ROA doc. 292 (Mot.) at 1–2, doc. 293 (Ltr.) at 1, nothing barred the filing of relevant post-judgment documents and, in fact, the satisfaction of judgment was thereafter filed; (d) in any event, the specific issue raised in the motion to reopen has been waived since it is not raised in the Appellants' proposed appeal brief, *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); and (e) the issues raised in the Appellants' proposed appeal brief are barred, since they were not first raised in the district court motion to reopen and Appellants have not shown that their waiver should be excused, *Yong Qin Luo v. Mikel*, 625 F.3d 772, 778 (2d Cir. 2010).

It is further ORDERED that Appellants' motion for leave to file a late appellate brief is DENIED as moot.

Finally, because the Appellants' attorney, George A. Rusk, has pursued a frivolous appeal and presented clearly meritless arguments to this Court, he is hereby referred to this Court's Grievance Panel for such proceedings as it finds appropriate.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court